FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 02 2026

TAMMY H. DOWNS, CLERK
By: ______________ DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**FLORA JACKSON** **PLAINTIFF**

**vs.** **CASE NO.:** 4:26-cv-216-BSM

**UNITED STATES OF AMERICA,**
**and JOHN DOES 1-10** **DEFENDANTS**

**PLAINTIFF'S FIRST COMPLAINT**

COMES NOW, Plaintiff Flora Jackson, and for her Complaint against the Defendant United States of America, and John Does 1-10, states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. That this action arises from personal injuries involving the named Defendant and is brought pursuant to the Federal Torts Claims Act, 28 U.S.C. §2671, *et seq.*

2. That at all relative times, Plaintiff Flora Jackson ("Plaintiff") was and is a citizen and resident of Pulaski County, Arkansas.

3. That this cause of action involves premises negligence and liability resulting in injuries that occurred at a United States Postal Service ("USPS" or "Defendant")) Office. Specifically, the event giving rise to this cause of action occurred at the USPS located at 7401 Colonel Glenn Rd., Little Rock, AR 72204.

4. That Defendant is a proper Defendant pursuant to 28 U.S.C. §1346(b) as the USPS is an agency of the United States of America.

5. That this Court has subject matter jurisdiction over Plaintiff's claims because they involve questions arising under federal law specifically pursuant to 28 U.S.C. §1331 and 1346(b).

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

6. That this court has personal jurisdiction over the Defendant pursuant to 28 U.S.C. §1391 and 1402 because this action involves claims against the United States, and the acts and/or omissions giving rise to Plaintiff's lawsuit occurred in this judicial district.

7. That at all times relevant herein, the Defendant, its agencies, employees, and agents, whether named or unnamed herein, were acting under color of State and Federal law, statutes, ordinances, regulations, policies, customs, practices, and usages of the United States of America, pursuant to their authority thereunder.

## FACTUAL BACKGROUND

8. At all times relevant to this action, the United States of America, through the United States Postal Service, operated and maintained a post office located at 7401 Colonel Glen Rd., Little Rock, AR 72204.

9. On or about March 9, 2023, Plaintiff was lawfully present at said post office. Specifically, Plaintiff was going to purchase postage for a package.

10. It had been raining on March 9, 2023.

11. As Plaintiff walked through the entrance area to the lobby, she slipped on water and fell on the floor.

12. There were no warning or caution signs in the area where Plaintiff fell.

13. USPS agents and/or employees knew or, in the exercise of reasonable care, should have known that water had accumulated in the entrance area to the lobby, creating a hazardous condition for invitees, including Plaintiff, and failed to warn of or timely remove the dangerous condition.

14. Immediately after her fall, Plaintiff reported left-sided neck, shoulder, hip, leg, and ankle pain. She was treated at the UAMS Medical Center Emergency Department on March 9, 2023.

15. Plaintiff experienced these injuries as a direct and proximate result of her fall.

16. As a direct result of her fall, Plaintiff experienced serious injuries.

17. The premises where Plaintiff fell was under the control and maintenance of the Defendant.

18. Prior to filing this Complaint, Plaintiff properly presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. § 2675.

## LIABILITY OF THE UNITED STATES OF AMERICA

19. This case is commenced and prosecuted against the United States of America pursuant to, and in compliance with, Title 28 U.S.C. §2671-2680, commonly referred to as the Federal Tort Claims Act ("FTCA"). Liability of the United States is predicated specifically on Title 28 U.S.C. §1346(b) and 2674 because the personal injuries and resulting damages of which complaint were made were proximately caused by the negligence, wrongful acts, and/or omissions of an employee(s) of the USPS while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Arkansas.

20. In this Complaint, whenever the term "Defendant United States," or similar term is used to refer to the Defendant, it means the United States of America, its officers, agents, servants, employees, and/or representatives. Whenever in this Complaint if is alleged that Defendant did any act or thing, it is meant that the United States, its officers, agents servants, employees, and/or

representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of the United States and was done in the normal and routine course and scope of employment of the United States' officers, agents, servants, employees and/or representatives.

21. Whenever in this Complaint it is alleged that Defendant omitted any act or thing, it is meant that the United States, its officers, agents, servants, employees, and/or representatives $omitted such act or thing.

22. However, in the alternative, to the extent the FTCA does not apply, which Plaintiff denies, references to "Defendants" herein shall refer to all unknown "John Does" who acted negligently but whose identities at this time cannot be ascertained. An affidavit executed pursuant to Ark. Code Ann. § 16-56-125 is attached hereto as **Exhibit "1"** and incorporated herein by reference, certifying the existence of potential of unknown tortfeasors.

## JURISDICTIONAL PREREQUISITES

23. All procedural prerequisites to filing this action have been satisfied, met or otherwise waived, including the exhaustion of all administrative remedies under the FTCA.

24. On March 5, 2025, Plaintiff submitted her administrative claims for damages and injuries under the FTCA to USPS Torts Claims Administrator Michelle Browder—along with the requisite SF-95 form. **Exhibit 2**.

25. Pursuant to 28 U.S.C §2675(a), six (6) months have passed since the submission of the Claim to the USPS and no response has been received as of the date of the filing of this Complaint. Therefore, the administrative claims may be considered denied for purposes of filing this pleading.

**CAUSE OF ACTION—NEGLIGENCE**

26. Plaintiff restates and alleges the allegations previously set forth as if fully set forth herein.

27. Defendant operated, maintained, and controlled the USPS Office premises located at 7401 Colonel Glenn Rd., Little Rock, AR 72204.

28. The USPS Office located at 7401 Colonel Glenn Rd., Little Rock, AR 72204 is a property maintained and operated by the USPS, an agency of The United States government.

29. Defendant had a duty to maintain the premises, in a reasonably safe condition for invitees lawfully on the premises.

30. Defendant had a duty to inspect the premises, including the entrance lobby, for dangerous conditions such as water accumulation during rainy weather.

31. Defendant had a duty to use ordinary care to keep the premises reasonably safe.

32. Defendant had duty to routinely inspect the premises for hidden dangers.

33. Defendant had a duty to warn invitees of known or reasonably discoverable conditions.

34. Defendant had a duty to fix hazards on the premises.

35. Defendant breached its duties of care by:

   a. Allowing water to accumulate in the entrance area to the USPS lobby on March 9, 2023.

   b. Failing to place warning or caution signs or otherwise warn patrons of the wet floor.

   c. Failing to timely inspect and remedy the hazardous conditions during rainy weather and foreseeable tracking/pooling of water into the entrance area.

36. Defendant's breach of its duties directly and proximately caused Plaintiff's injuries.

37. As a direct result of the Defendant's negligence, Plaintiff incurred serious injuries.

38. Plaintiff's injuries would not have occurred but for the Defendant's negligence.

39. Under 28 USCS § 2674, the United States is liable for these damages in the same manner and to the same extent as a private individual would be under like circumstances.

**DAMAGES**

40. Plaintiff restates and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

41. Plaintiff has suffered injuries and damages which were proximately caused by the Defendant its officers, agents, servants, employees, and/or representatives.

42. Plaintiff's injuries and damages are in excess of that required by Federal Jurisdiction in diversity of citizenship.

43. That Plaintiff's injuries and damages, include but are not limited to, the following:

a. Medical bills in the past and medical bills reasonably certain to be incurred in the future;

b. Pain, suffering, and mental anguish experienced in the past and will continue to incur in the future;

c. The temporary and permanent nature of her injuries;

d. The nature, extent, duration and permanency of her injuries;

e. Any other damages for which the Court or law allows.

44. That the Plaintiff prays for Judgment against the Defendant for her damages, all as aforesaid, for an aggregate amount of One Million Dollars and Zero Cents ($1,000,000.00).

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Flora Jackson, prays for judgment against the Defendants, United States of America and John Does 1-10, for her damages

as set forth above in the amount of One Million Dollars and Zero Cents ($1,000,000.00), for costs, and any and all other relief to which the Court and law deem him entitled.

Respectfully submitted,

FLORA JACKSON, Plaintiff

By ______________________

Seth A. White, AR Bar No. 2015132
Nahon Saharovich & Trotz, PLC
3901 W. Financial Pkwy., Ste. 100
Rogers, AR 72758
(479) 316-3980
swhite@nstlaw.com
mbond@nstlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**FLORA JACKSON** **PLAINTIFF**

**vs.** **CASE NO.: ________________**

**UNITED STATES OF AMERICA,**
**and JOHN DOES 1-10** **DEFENDANTS**

**AFFIDAVIT**

I, Seth A. White, testify as follows from my own personal knowledge:

1. I am an attorney of record the Plaintiff in the above-captioned matter.

2. I have caused a complaint to be filed alleging personal injury, causing injury to Jeremy Jones.

3. That upon information and belief there are parties whose identities are unknown at this time.

4. That these unknown parties have been designated in the Plaintiff's Complaint as John Does 1-10.

5. Upon determining the identity or identities of the unknown tortfeasors, insurers or pooled liability funds the pseudo names of the John Doe defendants will be replaced with the real names of the defendants in the Complaint.

FURTHER AFFIANT SAYETH NOT.

____________________________
SETH A. WHITE

EXHIBIT "1"

State of Arkansas )
) ss.
County of Pulaski )

Subscribed and sworn before me on this 2nd day of March 2026.

Michelle R. Bond
Notary Public

MICHELLE BOND
COMM. EXP. 5-29-2028
No. 12367067
FAULKNER COUNTY
NOTARY PUBLIC - ARKANSAS

My commission expires 5-29-2028

NST
ATTORNEYS AT LAW

NAHON, SAHAROVICH & TROTZ, PLC

730-23-00581581A

March 4, 2025

RECEIVED
MAR 05 2025
USPS - GENERAL LAW SERVICE CENTER

United States Postal Service
USPS National Tort Center
1720 Market Street
Room 2400
St. Louis, MO 63155-9948

| | | |
|---|---|---|
| **Re:** | **Our Client:** | **Flora Jackson** |
| | **Our File Number:** | **283499** |
| | **Your File Number:** | **Please advise** |
| | **Date of Loss:** | **03/09/2023** |

Dear Sir or Madam:

Please find enclosed for filing a completed SF95-07 form for our client, who is presenting a claim for personal injuries. I have additionally enclosed supporting documentation labeled as exhibits- including the attorney client contract, a specials itemization, medical billing, medical records, photographs, and weather information for the day of the injury in Little Rock.

Upon receipt of the form, please promptly stamp the date of receipt (this is being sent by overnight Federal Express for a March 5, 2025 delivery date). Please also email or otherwise forward to me as soon as possible acknowledgement of receipt of the claim with the claim or file number. Please also contact me if I can be of further assistance.

Sincerely,

Kevin N. Graham
(901) 462-3331 (telephone)
(901) 746-156 (facsimile)
Kgraham@nstlaw.com (email)

EXHIBIT "2"

KNG:kng
NST177

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Postal Service<br>USPS National Tort Center<br>1720 Market Street, Room 2400, St. Louis, MO 63155-9948 | Flora Jackson, 4801 West 29th Street, Little Rock, AR 72204. Attorney Kevin N. Graham, Nahon, Saharovich & Trotz, PLC, 488 . Mendenhall Rd. Memphis, TN 38117 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 04/02/1956 | Married | 03/09/2023 Friday | 11:55 AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant, Flora Jackson, had just entered the lobby door of the Asher Post office location at 7401 Colonel Glenn Rd., Little Rock, AR 72204 to purchase a stamp for her package. As she walked in the entrance to go to the lobby, she slipped and fell on water that was on the floor. It had been raining that day. There were no warning or caution signs placed in the area that she fell. Agents or employees of USPS knew or should have known that there was water in the entrance area to the lobby and failed to warn Claimant about the unreasonably dangerous condition and/or failed to remove the water prior to the injury.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

RECEIVED MAR 05 2025 USPS - GENERAL LAW SERVICE CENTER

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant sustained neck and back injuries. She also initially reported pain to her left shoulder and left ankle. She had initial emergency room, primary care, orthopedic, and chiropractic treatment. Claimant had an extension of a prior L2 laminectomy due to a screw coming lose from her fall. Claimant's medical expenses known to date are $139,293.44. She also seeks reimbursement for a permanent injury, pain and suffering and loss of enjoyment of life. Records and bills attached as exhibits.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Jene Baquial | 7401 Colonel Glenn Rd. Little Rock, AR 72204 |
| Marquise William | 7401 Colonel Glenn Rd., Little Rock, AR 72204 |
| Jerry Pratt | 7401 Colonel Glenn Rd., Little Rock, AR 72204 |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | 1,000,000.00 | | 1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] ATTORNEY FOR CLAIMANT | 901-462-3331 | 03/04/2025 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

N/A this is not an automobile injury or property damage claim

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

N/A this is not an automobile injury or property damage claim

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A this is not an automobile injury or property damage claim

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

N/A this is not an automobile injury or property damage claim.

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SUPPORTING DOCUMENETS INCLUDED WITH FORM 95- FLORA JACKSON

EXHIBIT A- CONTRACT FOR LEGAL REPRESENTATION

EXHIBIT B- SPECIALS ITEMIZATION

EXHIBT C- MEDICAL BILLING

EXHIBIT D- MEDICAL RECORDS

EXHIBIT E- PHOTOGRAPHS

EXHIBIT F- WEATHER IN LITTLE ROCK ON JUNE 9, 2023